**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| ---------------------------------------------------------------------- x | | |
| LAURA LOOMER, | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| - against - | : | Removed From: |
| | : | |
| FACEBOOK, INC., | : | Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida |
| Defendant. | : | Case No.: 50-2020-CA-002352-XXXX-MB |
| | : | |
| ---------------------------------------------------------------------- x | | |

### DEFENDANT FACEBOOK, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Facebook, Inc. ("Facebook") files this Notice of Removal ("Notice") and removes this action from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Removal is based on diversity jurisdiction because complete diversity exists between Plaintiff Laura Loomer ("Ms. Loomer"), on the one hand, and Facebook on the other, and the amount in controversy exceeds $75,000.00. In support of this Notice, Facebook states as follows:

### Background

1.      Plaintiff Laura Loomer ("Ms. Loomer") instituted this action in the Fifteenth Judicial Circuit Court in and for Palm Beach County on February 28, 2020, asserting claims for defamation, defamation *per se*, and defamation by implication, arising out of Facebook's decision to remove Ms. Loomer's Facebook account for violating its Community Standards, and several statements made by Facebook employees surrounding this removal. Attached as Exhibit 1 is a true and correct copy of the complaint in this action (hereinafter, the "State Court Complaint").

2.	Ms. Loomer previously filed a case in this Court against Facebook based on the exact same facts and allegedly defamatory statements.  *See Loomer v. Facebook, Inc.*, Case No. 9:19-cv-80893-RS (S.D. Fla. 2019) (hereinafter, "*Loomer I*").  The Amended Complaint in *Loomer I* is almost identical to the State Court Complaint, which Facebook is now seeking to remove to this Court.  *See* Ex. 2 (redline comparing Amended Complaint from *Loomer I* with State Court Complaint).

3.	Accordingly, in the accompanying Civil Cover Sheet, Facebook has marked this case as "related" to *Loomer I*.  If upon removal this case is not randomly assigned to the Honorable Rodney Smith, who is currently presiding over *Loomer I*, Facebook requests that this Court transfer the case to Judge Smith.

**Removal Is Timely**

4.	Facebook has not yet been served with the State Court Complaint or any summons thereto.  Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

5.	Additionally, under Federal Rule of Civil Procedure 81(c)(2)(A), Facebook is not required to respond to the State Court Complaint following removal until 21 days after Ms. Loomer serves it with this pleading.  *See, e.g.*, *Moss v. Bank of New York Tr. Co.*, No. C 10-1734 VRW, 2010 WL 11575042, at *2 (N.D. Cal. June 30, 2010) (ruling that defendant was not subject to Rule 81(c) until it was properly served, and because defendant had not been served, it was under no time constraint to file its motion to dismiss following removal from state court).

6.	The United States District Court for the Southern District of Florida is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

**Subject Matter Jurisdiction**

7.       This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).  In addition, venue is proper in this Court because the state court matter is proceeding in Palm Beach County, located in this judicial district.  28 U.S.C. § 1441(a).

A.       **Amount in Controversy**

8.       The amount in controversy requirement under 28 U.S.C. § 1332 is satisfied. The State Court Complaint alleges that Ms. Loomer's claim is worth "in excess of $50,000,000."  Ex. 1 at 10.  Because this amount is greater than $75,000, this case meets the amount-in-controversy requirement for this Court's jurisdiction set out in 28 U.S.C. § 1332(a).

B.       **Diversity Jurisdiction**

9.       Diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) because Ms. Loomer and Facebook are citizens of different U.S. states.  Ms. Loomer pleads in her State Court Complaint that she is a citizen and resident of the state of Florida.  *See* Ex. 1 at ¶ 3.  By contrast, Facebook is incorporated in the state of Delaware and has its principal place of business in Menlo Park, California.

10.      In addition, in her Amended Complaint in *Loomer I*, Ms. Loomer admitted that there is complete diversity of citizenship between her and Facebook.  *See* Ex. 3 (*Loomer I* Amended Complaint) at ¶ 1 ("This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship.  The parties are citizens of different states . . . .").

11.    Accordingly, 28 U.S.C. § 1332(a)(1)'s requirement for diversity jurisdiction is satisfied because this action is between parties from different U.S. states.

## Notice

12.    As required by 28 U.S.C. § 1446(d), Facebook is providing written notice of the filing of this Notice of Removal to Ms. Loomer, through her attorney and will also be filing a Notice of Filing a Notice of Removal with the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where the action is currently pending.  A true and correct copy of the Notice of Filing Notice of Removal is attached as Exhibit 4.

## No Waiver

13.    Facebook has additional defenses to this action and does not waive any defenses, including but not limited to the defense that Facebook has not yet been served with the State Court Complaint.

## Conclusion

This Court has subject-matter jurisdiction in this action because (i) complete diversity of citizenship exists between the parties; and (ii) more than the $75,000.00 jurisdictional threshold is at issue.  Accordingly, Facebook, desiring to remove this case to the United States District Court for the Southern District of Florida, requests that the filing of this Notice of Removal with this Court and the filing the Notice of Removal with the Clerk of the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida shall effect the removal of this case.

Dated:  March 24, 2020                    Respectfully submitted,

                                          s/Brian W. Toth
                                          GELBER SCHACHTER & GREENBERG, P.A.
                                          Brian W. Toth
                                          Florida Bar No. 57708

Natalia B. McGinn
Florida Bar No. 1011385
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Phone: (305) 728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman*
Alison Schary*
Chelsea T. Kelly*
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Phone: (202) 973-4224
laurahandman@dwt.com
alisonschary@dwt.com
chelseakelly@dwt.com

*Pro hac vice forthcoming

Counsel for Defendant Facebook, Inc.

.