# **EXHIBIT 1**

Filing # 104123392 E-Filed 02/28/2020 07:25:56 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Laura Loomer</u>
Plaintiff
        vs.
<u>Facebook Inc</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>50,000,000</u>

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☒ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation
- ☐ County Civil
    - ☐ Small Claims up to $8,000
    - ☐ Civil
    - ☐ Replevins
    - ☐ Evictions
    - ☐ Other civil (non-monetary)

NOT A CERTIFIED COPY

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.  **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

V.  **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>3</u>

VI.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

VII.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Larry E. Klayman</u>
Attorney or party
FL Bar No.: <u>246220</u>
(Bar number, if attorney)
<u>Larry E. Klayman</u>
(Type or print name)
Date: <u>02/28/2020</u>

NOT A CERTIFIED COPY

Filing # 104123392 E-Filed 02/28/2020 07:25:56 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA LOOMER, Individually

    Plaintiff

  v.

FACEBOOK, INC.,
1 Hacker Way
Menlo Park, CA, 94025

    Defendant.

Case Number:

## COMPLAINT FOR DEFAMATION

Plaintiff, LAURA LOOMER ("Plaintiff" or "Ms. Loomer") hereby files this action against FACEBOOK, INC. ("Defendant Facebook") for Defamation, Defamation *Per Se* and Defamation by Implication.

## JURISDICTION AND VENUE

1. This is an action for Defamation and damages in excess of $15,000.00, exclusive of interest, costs, and attorney's fees.

2. Venue is proper in Palm Beach County, Florida, as Plaintiff Loomer is a resident of this county and judicial circuit and the cause of action accrued in this judicial circuit.

## THE PARTIES

3. Plaintiff Laura Loomer is an individual and a citizen and resident of the state of Florida and does substantial business in this circuit.

4. Defendant Facebook is s a corporation incorporated in the state of Delaware and does substantial business in this circuit.

///

1

## STANDING

5. Plaintiff Loomer has standing to bring this action because she has been directly affected and victimized by the unlawful conduct complained herein in this circuit where she resides and does substantial business. Her injuries are proximately related to the conduct of Defendant Facebook.

## FACTS

1. Ms. Loomer is a well-known conservative investigative journalist and political activist.

2. Ms. Loomer is a conservative activist.

3. In the past, Ms. Loomer has worked for Canadian news publisher, The Rebel Media, as well as Project Veritas.

4. Ms. Loomer has long maintained a page on Defendant Facebook's platform, where she engaged with fans and promoted her work.

5. On Friday, May 2, 2019, Ms. Loomer was banned from Defendant Facebook's platform, along with other conservative figures.

6. In a statement released and published to the public at that time, Defendant Facebook explained their malicious false, misleading and defamatory "justification" behind Ms. Loomer's ban:

> We've always banned individuals or organizations that promote or engage in violence and hate, regardless of ideology. The process for evaluating potential violators is extensive and it is what led us to our decision to remove these accounts today.[1]

---

[1] Oliver Darcy, *Louis Farrakhan, Alex Jones and other 'dangerous' voices banned by Facebook and Instagram*, CNN Business, May 3, 2019, available at:
https://amp.cnn.com/cnn/2019/05/02/tech/facebook-ban-louis-farrakhan-infowars-alex-jones-milo-laura-loomer/index.html#referrer=https%3A%2F%2Fwww.google.com&amp_tf=From%20%251%24s.

2

7. In issuing the ban against Ms. Loomer on or around May 2, 2019, Defendant Facebook publicly designated her and published in this circuit and elsewhere that she is "dangerous," which publication was widely disseminated in this circuit, nationally, and internationally.

8. A spokesperson for Defendant Facebook published in this circuit and elsewhere on or around May 3, 2019 that:

> such factors [for designating an individual as "dangerous"] include whether the person or organization has ever called for violence against individuals based on race, ethnicity, or national origin; whether the person has been identified with a hateful ideology; whether they use hate speech or slurs in their about section on their social media profiles; and whether they have had pages or groups removed from Facebook for violating hate speech rules.[2]

9. Per Defendant Facebook's own posted so called Community Standards, "Dangerous Individuals and Organizations" are defined as "organizations or individuals involved in the following: Terrorist activity, Organized hate, Mass or serial murder, Human trafficking, [or] Organized violence or criminal activity."[3]

10. Ms. Loomer does not fall within any of the defined groups set forth by Defendant Facebook.

11. Ms. Loomer has never once advocated violence against any person or group of persons.

12. In fact, Ms. Loomer used social media to call out anti-Semitism and violence against homosexuals, once having tweeted:

> Ilhan is pro Sharia Ilhan is pro- FGM Under Sharia homosexuals are oppressed &

---

[2] *Id.*
[3] https://www.facebook.com/communitystandards/dangerous_individuals_organizations

3

killed. Women are abused & forced to wear the hijab. Ilhan is anti Jewish.

13. Facebook subsequently banned Ms. Loomer for 30 days.

14. Ms. Loomer's tweet refers to Rep. Ilhan Omar ("Rep. Omar"), who was elected to Congress from Minnesota and will take office in January of 2019.

15. Indeed, Ms. Loomer's tweet simply contained facts about Sharia law, which Rep. Omar is known to support. The tweet pointed out the fact that Rep. Omar's support of Sharia law does not make her an ally for gay people, women, or Jews. Ms. Loomer was also simply pointing out that Rep. Omar is anti-Jewish, a fact that even House Speaker Nancy Pelosi has agreed with and said publicly.

16. As a result of this tweet, Twitter permanently banned Ms. Loomer and Facebook and Instagram followed suit by removing Ms. Loomer's Facebook and related Instagram account.

17. Now, in addition to banning Ms. Loomer from Facebook and its sister social media site Instagram, which it owns, controls and directs, without any just cause, Defendant Facebook has maliciously defamed her by falsely accusing her of "promot[ing] or engag[ing] in violence and hate…."

18. Defendant Facebook has also maliciously defamed Ms. Loomer by falsely designating her as a "dangerous" individual, which defamation was widely published in this circuit, nationally, and internationally.

19. Defendant Facebook and its various owned and pliant entities such as Instagram at all times knew that Ms. Loomer had never once promoted or engaged in violence and hate, and that Ms. Loomer was not a "dangerous" individual.

20. To make matters even worse and compounding the damages to Plaintiff Loomer,

in an update to Defendant Facebook's Community Standards, published on or around July 9, 2019, Defendant Facebook was caught encouraging violence and death against those that it categorized as "Dangerous Individuals and Organizations."[4]

21. The update published in this circuit and elsewhere : Do not post: Threats that could lead to death (and other forms of high-severity violence) of any target(s), where threat is defined as any of the following: Statements of intent to commit high-severity violence Calls for high-severity violence (**unless the target is an organisation or individual covered in the Dangerous Individuals and Organisations Policy**)... Including content where no target is specified but a symbol represents the target and/or includes a visual of an armament to represent violence Statements advocating for high-severity violence (**unless the target is an organisation or individual covered in the Dangerous Individuals and Organisations Policy**)... Aspirational or conditional statements to commit high-severity violence (**unless the target is an organisation or individual covered in the Dangerous Individuals and Organisations Policy**) (emphasis added).[5]

22. Defendant Facebook has thus defined Plaintiff Loomer as a "target" for its users to make death threats and those of "high severity violence" at.

23. As further evidence of the damage caused by Defendant Facebook's conduct, an article from the Miami Herald dated August 3, 2019[6] features a copycat quote from a spokesperson with the Democratic Congressional Campaign Committee falsely labelling Plaintiff Loomer a "white nationalist" in reaction to her announcement that she would be running

---

[4] https://lauraloomer.us/2019/07/09/new-facebook-policy-normalizes-approves-death-threats-against-banned-dangerous-conservatives/#.XUicwJNKii5
[5] *Id.*
[6] Martin Vassolo, Sarah Blaskey, Laura Loomer, provocateur banned from social media, runs for Congress in Palm Beach, Miami Herald, Aug 3, 2019, available at: https://www.miamiherald.com/news/politics-government/article233469462.html

5

for Congress in Palm Beach. The libelous publication that Plaintiff Loomer is a "white nationalist" obviously was generated by and emanates from Defendant Facebook, which derives a substantial and huge amount of revenue from its substantial business activities in this circuit.

24. The Miami Herald article even cites the fact that Plaintiff Loomer was banned from Defendant Facebook. Defendant Facebook is therefore, in effect, re-libeling her and causing her further damage to her reputation.

25. Ms. Loomer is simply a conservative, Jewish woman who has used social media to call out anti-Semitism and violence against homosexuals, while expressing her political views and opinions.

26. There is nothing dangerous, violent, or remotely illegal and improper about Ms. Loomer's conduct, and Defendant Facebook knows this, since there is nothing in the public domain or elsewhere to even suggest this.

27. Facebook's own Civil Rights Audit[7] stated: "Designated Hate Figures Enforcement: In recent months, Facebook has continued to apply its "Dangerous Individuals and Organizations" policy, which bans organizations or individuals from the platform when they meet Facebook's Civil Rights Audit certain hate or violence criteria. Under that policy, individuals or organizations that amplify or traffic in hate are banned from the platform, as was the case with Facebook's recent bans of **Alex Jones, Milo Yiannopolous, Laura Loomer, Minister Louis Farrak**han and others. For individuals or organizations that go beyond amplifying hate to proclaiming a violent or hateful mission or engaging in acts of hate or violence, Facebook not only bans them from the platform but also prohibits other users from praising or supporting them."

///

---

[7] https://fbnewsroomus.files.wordpress.com/2019/06/civilrightaudit_final.pdf

6

## FIRST CAUSE OF ACTION
### *Defamation*

28.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

29.     Defendant Facebook published the malicious, false and defamatory statement that Plaintiff Loomer had promoted or engaged in violence and hate.

30.     Defendant Facebook published the malicious, false and defamatory statement that Plaintiff Loomer was a dangerous individual.

31.     This false and misleading statements were published with actual malice, as Defendant Facebook knew that they were false and misleading, or at a minimum acted with a reckless disregard for the truth. There is nothing in the public domain or otherwise which would even suggest that Plaintiff Loomer is a dangerous individual, in effect a domestic terrorist.

32.     Plaintiff Loomer has been severely harmed and damaged by these and other false and misleading statements because they subjected her to hatred, distrust, ridicule, contempt, and disgrace.

33.     Plaintiff Loomer has been severely damaged by these false and misleading statements because they injured Plaintiff Loomer in her profession and business a conservative journalist, as well as personally, and severely damaged her good will and personal and professional reputations. The damage is continuing.

## SECOND CAUSE OF ACTION
### *Defamation Per Se*

34.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

35.     Defendant Facebook, as alleged herein, published in this circuit numerous false,

misleading and defamatory statements to severely harm and damage Plaintiff Loomer, which were republished here and elsewhere, specifically that published the falsity that Plaintiff Loomer is a "dangerous" individual that has engaged in hate and/or violence.

36. Under Florida Law, "it is established...that an oral communication is actionable per se - that is, without a showing of special damage - if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise *of his lawful business*, trade, profession or office, or (d) the other being a woman, acts of unchastity." *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973)

37. These false, misleading and defamatory statements were published in this circuit and on the internet with actual malice, as pled above, for the entire world to see and hear and specifically published false and misleading facts, *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of her lawful business, trade, profession or office as a journalist.

38. These false and misleading statements were published with actual malice, as Defendant Facebook knew that they were false and misleading and there is nothing in the public domain or otherwise to even suggest that Plaintiff Loomer is a dangerous individual, in effect a domestic terrorist.

39. These false, misleading, and defamatory statements are defamatory *per se* because these false and misleading statements severely harmed and damaged Plaintiff Loomer in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist. Damage is presumed by law when defamation *per se* is proven. These publications, made in this circuit and elsewhere severely

8

damaged Plaintiff Loomer's good will and personal and professional reputations.

40. An investigative journalist's reputation and good will are paramount. Falsely labeling Plaintiff Loomer as "dangerous" and falsely accusing her of having engaged in hate and/or violence damages her reputation, making it impossible for her to successfully continue her profession and conduct her personal endeavors and life without fear of harm and otherwise. The damage is continuing.

### THIRD CAUSE OF ACTION
*Defamation By Implication*

41. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

42. Defendant Facebook published numerous false, misleading and defamatory statements about Plaintiff Loomer, as set forth in the preceding paragraphs.

43. These false, misleading and defamatory statements were published in this circuit and elsewhere on the internet and published and republished here and elsewhere and in particular in this circuit for the entire world to see and hear.

44. These false and misleading statements were published with actual malice, as Defendant Facebook knew that they were false and misleading, and/or at a minimum acted with a reckless disregard for the truth. Here is nothing in the public domain or elsewhere to even suggest that Plaintiff Loomer is a dangerous individual, in effect a domestic terrorist.

45. These statements created the false and misleading implication that Plaintiff Loomer has engaged in hate and/or violence and is therefore a "dangerous" individual, and is in effect a domestic terrorist.

46. Plaintiff Loomer has been severely harmed and damaged by these false and misleading statements because they subject her to hatred, distrust, ridicule, contempt, and

disgrace.

47. Plaintiff Loomer has been damaged by these false and misleading statements because the statements severely harmed and damaged Plaintiff Loomer in her profession and business as an investigative journalist, as pled herein. Her professional and personal good will and reputations were severely damaged and this damage is continuing.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Laura Loomer prays for judgment against Defendant Facebook as follows:

a. Awarding Plaintiff Loomer compensatory including actual, consequential, incidental and punitive damages for malicious tortious conduct as alleged herein in an amount to be determined at trial and in excess of $50,000,000 U.S. Dollars.

b. Awarding Plaintiff Loomer attorney's fees and costs.

c. Granting any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief.

**PLAINTIFF LOOMER DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE**

Dated: February 28, 2020

Respectfully Submitted,

_/s/ Larry Klayman_
Larry Klayman, Esq.
FL Bar No. 246220
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd #15-287
Boca Raton FL 33433
Telephone: 561-558-5336
Email: leklayman@gmail.com

Counsel for Plaintiff