THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80484

LAURA LOOMER,

        Plaintiff,

v.

FACEBOOK, INC.,

        Defendant.
_____/

## MOTION FOR REMAND

Plaintiff Laura Loomer hereby moves this Court for an order remanding this case to the Fifteenth Judicial Circuit for Palm Beach County on the grounds that there is not complete diversity among the parties pursuant to 28 U.S.C. § 1441 *et seq*. Plaintiff Loomer is a citizen of Florida. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala.*, 168 F.3d at 412. To establish the citizenship of a corporation, the federal diversity jurisdiction statute provides that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010); *see also Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013)(for purposes of diversity jurisdiction, a corporation "**is considered a citizen of every state in which it has been incorporated** and where it has its principal place of business." (citing 28 U.S.C. § 1332(c)(1))." *FOIA Soc. Club Post 1002 Inc. v. Scottsdale Ins. Co.*, No. 3:13-cv-1336-J-99MMH-JRK, 2013 U.S. Dist. LEXIS 181133 (M.D. Fla. Dec. 30, 2013) (emphasis added).

Specifically, 28 U.S.C. § 1332(c)(1) states, in relevant part, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." Defendant Facebook was initially incorporated in the state of Florida. *See https://en.wikipedia.org/wiki/History_of_Facebook* ("Facebook was initially incorporated as a Florida LLC. For the first few months after its launch in February 2004, the costs for the website operations for thefacebook.com were paid for by Mark Zuckerberg and Eduardo Saverin, who had taken equity stakes in the company. The website also ran a few advertisements to meet its operating costs." Furthermore, as shown hereto in Exhibit 1-A, Defendant Facebook is still incorporated in the state of Florida, and maintains active registration. Facebook and its counsel by removing the state court action to this Court abused process, was not candid and forthcoming, and acted in bad faith, for which a separate motion for sanctions will be filed for the attorneys fees and costs of having to prepare and file this pleading, as well as other relief the Court may deem appropriate.

Thus, pursuant to the express language of 28 U.S.C. § 1332(c)(1), Defendant Facebook must be considered a citizen of Florida for the purposes of diversity. Accordingly, there is no complete diversity, and this case must therefore be remanded to state court for further proceedings. Attached as Exhibit 1 is an Amended Complaint, which has been filed on the docket of the originally filed case in Palm Beach County, which reflects and sets forth Facebook's incorporation in Florida as well as Delaware.

Dated: March 27, 2020                                             Respectfully Submitted,

                                                                  s/ Larry Klayman_____

                                                                  Larry Klayman, Esq.
                                                                  KLAYMAN LAW GROUP P.A.

7050 W. Palmetto Park Rd #15-287  
Boca Raton FL 33433  
Tel: (561) 558-5536  
Email: leklayman@gmail.com

1

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on March 27, 2020

                                            */s/ Larry Klayman*
                                            Larry Klayman, Esq.