IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LAURA LOOMER,

        *Plaintiff*,

  v.

FACEBOOK, INC.,

        *Defendant*.

Case No. 9:20-cv-80484-RS

The Honorable Rodney Smith

**DEFENDANT FACEBOOK, INC.'S RESPONSE TO PLAINTIFF
LAURA LOOMER'S MOTION FOR REMAND**

### I. INTRODUCTION

Plaintiff Laura Loomer has already sued Facebook, Inc. for the same conduct as in this lawsuit. *See Loomer v. Facebook, Inc.*, Case No. 9:19-cv-80893-RS (S.D. Fla. 2019) ("*Loomer I*"). But Ms. Loomer failed to take *any* discovery in *Loomer I*, and about nine hours after this Court denied her motion for an extension, she filed this lawsuit in Florida state court ("*Loomer II*"). Even though this lawsuit asserts the exact same claims based on the exact same allegedly defamatory statements, Ms. Loomer urges the Court to remand. The Court should reject this transparent attempt to circumvent its order denying Ms. Loomer's requested extension.

Ms. Loomer's claim that diversity is lacking is frivolous. As she admitted in *Loomer I*, she is a citizen of Florida and Facebook is a citizen of Delaware. Now, Ms. Loomer claims Facebook is incorporated in Florida. It is not. As its publicly available filings show, Facebook has been incorporated in Delaware since 2004, and its principal place of business is in Menlo Park, California. The Florida entity whose corporate filing Ms. Loomer references, "Facebook Inc." (with no comma) has no affiliation with Facebook, Inc. (with a comma).

This Court should deny Ms. Loomer's Motion for Remand (ECF No. 8).

## II.     BACKGROUND

On July 8, 2019, Ms. Loomer filed a lawsuit against Facebook, Inc. ("Facebook"), asserting claims for defamation arising from Facebook's removal of her accounts from its platform for violating its Community Standards. *See Loomer I*, ECF No. 1 ("Compl."). In both Ms. Loomer's Complaint and her Amended Complaint, she stated that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds $75,000." *Id.* ¶ 1; *see also id.*, ECF No. 7 ("Am. Compl.") ¶ 1. Ms. Loomer alleged she is a citizen of Florida and Facebook is "a corporation incorporated in the state of Delaware." *Loomer I*, Am. Compl. ¶¶ 3, 4.

On August 30, 2019, the *Loomer I* Court entered its Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge (ECF No. 21), which required the parties to complete fact discovery by February 24, 2020. *See id.* at 2. Ms. Loomer never served any discovery requests. Nor did she notice any depositions until, on February 13, 2020, her counsel served Facebook's counsel with two deposition notices. *See Loomer I*, ECF No. 37, 37-1. Both notices scheduled the depositions to take place in San Jose, California on February 24, 2020—the fact discovery cutoff. *See id*. On February 18, 2020, Facebook's counsel informed Ms. Loomer's counsel that Facebook would not produce these witnesses for depositions because Ms. Loomer had failed to comply with Local Rule 26.1(h), which requires that "a party desiring to take the deposition in another State of any person upon oral examination shall give *at least fourteen (14) days' notice* in writing to every other party to the action," and states that "[f]ailure to comply with this rule obviates the need for [a] protective order." S.D. Fla. L.R. 26.1(h) (emphasis added).

2

Ms. Loomer filed a motion asking the Court to extend the discovery deadline by 91 days. *See Loomer I*, ECF No. 39. On February 28, 2020, the Court denied the motion, finding that Ms. Loomer "failed to establish good cause" for extending the deadline. *See Loomer I*, ECF No. 43. Approximately nine hours later, Ms. Loomer filed a nearly identical complaint against Facebook in Florida state court. *See* ECF No. 1-1 ("*Loomer II* Compl."). The *Loomer II* Complaint asserted the same causes of action based on the same allegedly defamatory statements, and included no additional parties. *See Loomer I*, ECF No. 52-1 (redline comparison between *Loomer I* Amended Complaint and *Loomer II* Complaint). As in *Loomer I*, Ms. Loomer identifies Facebook in the *Loomer II* Complaint as having an address in Menlo Park, California, and alleges that Facebook is "a corporation incorporated in the state of Delaware." ECF No. 1-1 at 1. The *Loomer II* Complaint also states that it seeks $50 million in damages from Facebook. *See id.* at 10.

On March 24, 2020, Facebook removed *Loomer II* to this Court. *See* ECF No. 1. Facebook also filed a notice (ECF No. 4) marking *Loomer II* as related to *Loomer I*, after which the Court transferred *Loomer II* to the Honorable Rodney Smith, who is presiding over *Loomer I*. *See* ECF No. 7. On March 27, 2020, Ms. Loomer filed this motion, claiming—contrary to her representations in *Loomer I*—that "there is not complete diversity among the parties." ECF No. 8 at 1. In support, Ms. Loomer states that "Defendant Facebook was initially incorporated in the state of Florida," citing Wikipedia. *Id.* at 2. She further contends that "Defendant Facebook is still incorporated in the state of Florida, and maintains active registration," *id.*, for which she cites a corporate filing with the Florida Division of Corporations. *See* ECF No. 8-1 at Ex. A.

Ms. Loomer submitted as an exhibit to her remand motion an amended complaint purportedly filed in state court, and then filed the same amended complaint as a separate docket entry in this Court on March 31, 2020. ECF No. 9 ("*Loomer II* Amended Complaint"). The

3

*Loomer II* Amended Complaint names "Facebook Inc." (without a comma) as the defendant in the caption, but lists the Delaware service address for Facebook, Inc., and otherwise refers to "Facebook, Inc." in the body of the pleading.[1]  Ms. Loomer has not served Facebook with either complaint in this matter.

The corporate filing from the Florida Division of Corporations relates to an entity named "Facebook Inc." without a comma, as opposed to Defendant "Facebook, Inc.," which has a comma. *See* ECF No. 8-1 at Ex. A.  This Florida entity has no affiliation with Facebook, Inc.  *See* Declaration of Nicholas Wong ("Wong Decl.") ¶ 5.  As set forth in the Wong Declaration and the publicly available filings attached as exhibits thereto, Facebook, Inc.—the entity sued by Ms. Loomer and the operative entity for her claims—was incorporated in Delaware in 2004.  *Id.* ¶ 2.  At all times relevant to this action—including on the date she filed the complaint in *Loomer II*—Facebook has been a Delaware corporation with its principal place of business in Menlo Park, California.  *Id.* ¶¶ 2–3.

### III.    ARGUMENT

The argument in this Response is simple:  to the extent that Ms. Loomer seeks to maintain any claims against Facebook, Inc. (as opposed to the unrelated Florida entity "Facebook Inc."), remand is improper because federal diversity jurisdiction exists.

District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *see also* 28 U.S.C. § 1441(a) (allowing

---

[1] In making this filing, Facebook does not respond on behalf of the Florida entity "Facebook Inc.," nor do the undersigned counsel represent that entity.  Facebook simply asks the Court to rule that, to the extent the *Loomer II* Amended Complaint still asserts claims against it, those claims should remain in federal court and not be remanded to state court.

4

removal of any case over which district court has original jurisdiction). Ms. Loomer does not dispute that the matter in controversy exceeds $75,000, nor could she, as she seeks more than $50 million in damages. *See Loomer II*, Am. Compl. at 10. Nor does she dispute that she is a citizen of Florida. Instead, she claims Facebook is also a citizen of Florida. She is wrong.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

Facebook is incorporated in Delaware and has its principal place of business—*i.e.*, its headquarters—in Menlo Park, California. Wong Decl. ¶ 2. It is, therefore, a citizen of Delaware and California, and there is no basis for Ms. Loomer to argue that Facebook is a citizen of Florida. In fact, Ms. Loomer admitted the opposite in *Loomer I*, alleging that the parties are "citizens of different states." *See Loomer I*, ECF No. 7 ¶ 1. And numerous courts have reached the same conclusion. *See, e.g.*, *Havensight Capital, LLC v. Facebook, Inc.*, No. CV 15-3758 FMO (MRWX), 2015 WL 12766168, at *1 (C.D. Cal. July 21, 2015) ("[T]he court determined that [plaintiff] properly alleged that Facebook was a citizen of the state of Delaware, its state of incorporation, and California, its principal place of business."); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 354 F. Supp. 3d 1122, 1124 (N.D. Cal. 2019) (noting that, for purposes of diversity jurisdiction, "Facebook is a citizen of California and Delaware"). There is no reason to hold otherwise here. The entity "Facebook Inc." to which Ms. Loomer points is not related to

Facebook, Inc. or the facts in this case, and thus cannot provide a basis for remand. *See* Wong Decl. ¶ 5.

Further, Ms. Loomer's allegation that Facebook was "initially" formed as a Florida LLC in the early 2000s, citing to Wikipedia, does not defeat diversity jurisdiction—all that matters is that Facebook was only incorporated in Delaware when Ms. Loomer filed her complaint. *See MGA Entm't, Inc. v. Singing Mach. Co.*, No. CV10-3761 DOC (RNBX), 2010 WL 11549888, at *4 (C.D. Cal. Aug. 30, 2010) (rejecting argument that defendant was non-diverse because it was "originally incorporated in California," noting that "diversity of citizenship is measured at the time of the Complaint's filing. Defendant is no longer incorporated in California; it has since filed articles of incorporation in Delaware.") (internal citation omitted); *see also City of Waukegan v. Bond Safeguard Ins. Co.*, No. 15 C 3007, 2015 WL 6870106, at *2 (N.D. Ill. Nov. 6, 2015) (denying motion to remand where defendant, although originally incorporated in Illinois, was later re-incorporated in South Dakota, noting: "What matters . . . for purposes of citizenship is [defendant's] state of incorporation and the principal place of business at the time that the current complaint was filed.").

## IV.    CONCLUSION

For the reasons set forth above, Facebook requests that the Court deny Ms. Loomer's Motion for Remand.

Dated: April 10, 2020

Respectfully submitted,

s/Brian W. Toth
GELBER SCHACHTER & GREENBERG, P.A.
Brian W. Toth
Florida Bar No. 57708
Natalia B. McGinn
Florida Bar No. 1011385

6

1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Phone: (305) 728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman*
Alison Schary*
Chelsea T. Kelly*
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Phone: (202) 973-4224
laurahandman@dwt.com
alisonschary@dwt.com
chelseakelly@dwt.com

*Pro hac vice motions pending*

*Counsel for Defendant Facebook, Inc.*

.